Filed 11/5/20  P. v. Thornton CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>WILLIAM CECIL THORNTON,<br><br>    Defendant and Appellant. | D077683<br><br><br>(Super. Ct. No. SCE396110) |

APPEAL from an order of the Superior Court of San Diego County, Evan P. Kirvin, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In November 2019, William Cecil Thornton entered into a plea agreement under the terms of which Thornton pleaded guilty to one count of possession of a controlled substance (Health and Saf. Code, § 11377, subd. (a)).  He admitted the requirement that he register as a sex offender

(Pen. Code,[1] § 290). He admitted a strike prior (§ 667, subds. (b)-(i)) and admitted a "super strike" within the meaning of section 667, subdivision (e)(2)(c)(IV). The plea agreement stipulated to a 32-month sentence.

Thornton was sentenced to a 32-month prison term in accordance with the agreement. Thornton appealed following his sentence but did not obtain a certificate of probable cause.

In an unpublished opinion, *People v. Thornton*, D077231 (Aug. 29, 2020), this court affirmed Thornton's conviction and sentence.[2]

While the first appeal was pending, Thornton filed a petition in the trial court seeking recall of his sentence and reduction to a misdemeanor under section 1170.18 (Proposition 47).

Although Thornton admitted the strike prior and the disqualifying "super strike" in his change of plea, in his post judgment petition he alleged he did not have a strike prior and that he was eligible for resentencing under section 1170.18.

The trial court denied the petition by a written order.

Thornton has filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating he has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Thornton the opportunity to file his own brief on appeal. Thornton responded with a request for

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

[2]     We take judicial notice of our files in *People v. Thornton, supra,* D077231.

2

additional time to file a supplemental brief. He represented he would not need further time and would not seek an additional extension of time. We granted the request and extended the time for his response. The time for filing a supplemental brief has passed and no further request for time has been received. We conclude Thornton does not intend to file a supplemental brief in this appeal.

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified a possible issue that was considered in evaluating the possible merits of this appeal: Whether the court erred in denying Thornton's petition for resentencing.

We have reviewed the entire record as required by *Wende* and *Anders.* We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Thornton on this appeal.

DISPOSITION

The order denying Thornton's petition for resentencing and reduction of his offense to a misdemeanor is affirmed.

HUFFMAN, J.

WE CONCUR:

McCONNELL, P. J.

GUERRERO, J.